UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MAN AGAINST XTINCTION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-00406-LEW |
| | ) | |
| COMMISSIONER OF MAINE DEPARTMENT OF MARINE RESOURCES and ASSISTANT ADMINISTRATOR OF NATIONAL MARINE FISHERIES SERVICE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

In this civil action, Plaintiff seeks declaratory and injunctive relief pursuant to the Endangered Species Act. Plaintiff's action is directed at lobster fisheries off the coast of Maine and, in particular, at regulations that require the use of vertical buoy ropes. Plaintiff advocates a "green fishery" open to the public that does not permit the use of vertical buoy ropes that can entangle endangered right whales and sea turtles. In addition to filing a complaint, Plaintiff filed a motion captioned "Application for Temporary Restraining Order And Then A Preliminary Injunction Against Defendants" (ECF No. 5).

On October 16, 2019, the Court granted Plaintiff's motion to proceed in forma pauperis. The matter is out for service on Defendants and, consequently, Plaintiff's application for a TRO is ripe.

"[Injunctive relief] is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012). To determine whether to issue a temporary restraining order, the Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction. *Monga v. Nat'l Endowment for Arts*, 323 F. Supp. 3d 75, 82 (D. Me. 2018). Those factors are:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant]; (3) the balance of the relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 17-18 (1st Cir. 2006) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004)). As the party seeking injunctive relief, Plaintiff bears the burden of establishing that the factors weigh in favor of his request for emergency[1] injunctive relief. *Id*. at 18; *Monga*, 323 F. Supp. 3d at 82.

It is generally understood that "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits," meaning that the Court should not address the remaining factors if the movant makes a weak showing as to the likelihood of success on the underlying claim(s). *Monga*, 323 F. Supp. 3d at 82 (citing *New Comm. Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). In some contexts, other considerations may have equal sway when it comes to preliminary remedies. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943–44 (2018) (per curiam) ("As a matter of equitable discretion, a preliminary injunction does not follow as a matter of course from a plaintiff's

---

[1] A request for temporary restraining order seeks injunctive relief on an emergency, ex parte basis, meaning before the opposing party has the opportunity to respond. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015).

showing of a likelihood of success on the merits."). In the final analysis, "trial courts have wide discretion in making judgments regarding the appropriateness of such relief." *Francisco Sánchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009)).

Plaintiff's request for emergency relief pending a response from Defendants is denied. The relief requested would, effectively, ban the use of buoy lines in commercial lobster fishing, which would have the practical effect of suspending the existing fishery altogether. Such a drastic and immediate remedy would overwhelmingly impose hardship on third-party fishermen and women and effectively deprive Defendants of their role as duly-appointed executive agents with regulatory oversight of lobster fisheries and marine policy, considerations that militate strongly against a temporary restraining order. The Court will await a response from Defendants before considering the matter of injunctive relief further. Plaintiff's motion for injunctive relief (ECF No. 5) is DENIED IN PART. Plaintiff's request for a TRO is DENIED and Plaintiff's request for preliminary injunctive relief will be considered in light of Defendants' response.

**SO ORDERED.**

Dated this 5th day of November, 2019.

/s/ Lance E. Walker
**UNITED STATES DISTRICT JUDGE**

/