IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MAN AGAINST XTINCTION,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF MAINE DEPARTMENT OF MARINE RESOURCES; ASSISTANT ADMINISTRATOR OF NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants,<br><br>and<br><br>MAINE LOBSTERING UNION,<br><br>Defendant Intervenor. | Case No. 1:19-cv-00406-LEW |

**FEDERAL DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## INTRODUCTION

On June 8, 2020, Plaintiff moved to amend the Complaint he filed on September 5, 2019. ECF No. 51. On the following day, Plaintiff filed a motion for preliminary injunction against Federal Defendant. ECF No. 54.[1] Because of the sequence and substance of these filings, and because the Court has dismissed in part Plaintiff's original Complaint, *see* ECF No. 36, Plaintiff has created procedural uncertainty. Until the Court resolves the motion to amend, the operative complaint is the complaint filed in 2019. *See* Fed. R. Civ. P. 15(a)(2) (noting that if more than 21 days have passed since the responsive pleading, a party may amend its pleadings only with leave of the court). However, the motion for preliminary injunction and the memorandum in support are based in part on the new allegations contained in the proposed amended complaint. *See* ECF Nos. 54, 58. More specifically, the motion for preliminary injunction seeks relief under the Marine Mammal Protection Act (MMPA). The original complaint does not contain an MMPA claim following the Court's Decision and Order on Federal Defendant's Motion to Dismiss, and therefore the outcome of the motion to amend could affect the type of relief available under the motion for preliminary injunction.[2]

Because of this uncertainty, Federal Defendant is treating the original complaint as the operative complaint for purposes of responding to the motion for preliminary injunction and, in the alternative, addressing the scenario in which the proposed amended complaint becomes the operative complaint. Putting aside the inefficiencies created by Plaintiff's filings, Federal

---

[1] On June 11, 2020, Plaintiff's memorandum in support of the motion for preliminary injunction was entered on the docket and transmitted to counsel via the CM/ECF system. *See* ECF No. 58.
[2] Federal Defendant does not concede that Plaintiff is entitled to any relief whatsoever. Nor does Federal Defendant waive any argument that the amended portions of the complaint would be subject to dismissal for lack of jurisdiction or failure to state a claim under Federal Rule of Civil Procedure 12(b).

Defendant submits that the motion to amend should be decided prior to adjudication of the motion for preliminary injunction. Moreover, Federal Defendant opposes the motion to amend because Plaintiff has not shown why amendment is warranted and because amendment would be futile.

## ARGUMENT

Under the Federal Rules of Civil Procedure, when 21 days have passed since the responsive pleading, a "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires," *id.*, but a motion to amend is properly denied in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment." *J.S. McCarthy Co. v. Brausse Diecutting & Converting Equip.,* 226 F.R.D. 14, 16-17 (D. Me. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

Plaintiff has not satisfied his burden for explaining why amendment is required in these circumstances. *See* ECF No. 51. Instead, Plaintiff provides a cursory statement that "Count II is now clearly written and addresses the issues the Court raised in explaining its decision to dismiss the original version of Count II." *Id.* at 1. Allowing Plaintiff to amend would also be futile. As an initial matter, Plaintiff has not cured the deficiencies identified in the Court's Decision and Order on Federal Defendant's Motion to Dismiss. *See* ECF No. 36. In the proposed amended complaint, Plaintiff continues to include allegations about other endangered whales (i.e., whales

2

other than North Atlantic right whales) and sea turtles without pleading any new facts to support his assertions with regard to those species. *See* ECF No. 51-1 ¶¶ 1, 2, 16, 43[3]; *see also* ECF No. 36 at 10 (finding that Plaintiff fails to meet the causation prong of standing because "the Complaint does not allege any specific facts about harm to these species, leaving them to one side like so much flotsam and jetsam"). Further, some parts of the proposed amended Count Two overlap with Count One. *See* ECF No. 51-1 ¶¶ 68-70; *see also* ECF No. 36 at 15 ("As pled, however, it is difficult to discern how this is distinct from Count One."); *Mumme v. U.S. Dep't of Labor*, 150 F. Supp. 2d 162, 178 (D. Me. 2001) (denying motion to amend in part because "adding such a claim would be futile because the Court simply would treat it in the same way that the Court is treating Counts I and III").

Plaintiff's proposed amended complaint also includes reformulated allegations asserting that the National Marine Fisheries Service (NMFS) has violated the MMPA and the Administrative Procedure Act (APA), but these allegations fail to state a claim and thus cannot salvage the putative Count Two. *See*, e.g., ECF No. 51-1 ¶¶ 62, 64, 67. Plaintiff asserts that NMFS's issuance of "Letters of Authorization" under 16 U.S.C. § 1387(c)(2) (MMPA Section 118) violates the MMPA and APA. *See*, e.g., ECF No. 51-1 ¶ 62. Federal Defendant assumes that Plaintiff's reference to "Letters of Authorization" refers to the Certificates of Authorization issued by NMFS under MMPA Section 118. In general, these Certificates allow for incidental take of marine mammals in those fisheries that have been identified as Category I or II in the List of Fisheries prepared by NMFS under the MMPA. 16 U.S.C. § 1387(c)(1). Importantly, however, the Certificates that have been issued for the Category I and II fisheries in New

---

[3] In addition to the changes made to Count Two, Plaintiff's proposed amended complaint includes other changes, such as changes to Paragraph 9, *see* ECF No. 51-1 ¶ 9, yet none of these changes support his assertions.

England and the Mid-Atlantic pertain to non-Endangered Species Act (ESA)-listed marine mammals only.[4] *See* 16 U.S.C. § 1387(c)(3); *see e.g.*, NMFS, *New England/Mid-Atlantic Authorization Certificate*, *available at* https://www.fisheries.noaa.gov/webdam/ download/88287372 (last visited June 29, 2020) ("this Authorization Certificate, which, when presented in combination with a current/valid state or federal fisheries permit, authorizes the taking of non-endangered/threatened marine mammals incidental to commercial fishing operations in those fisheries listed on the reverse side."). These Certificates do not permit the take of North Atlantic right whales or any other ESA-listed marine mammal. Plaintiff has therefore not identified any agency action through which NMFS has authorized the take of right whales. *See* 5 U.S.C. §§ 706 ("The reviewing court shall— [ . . . ] (2) hold unlawful and set aside *agency action*, . . . found to be— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . .") (emphasis added); 704 ("*Agency action* made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review") (emphasis added). As such, the claim fails to present a plausible claim for relief and would be subject to dismissal under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Further, to the extent that Plaintiff's proposed amended complaint seeks to enforce the MMPA take prohibition directly against NMFS, that argument would lack merit. *See* ECF No. 51-1 ¶ 71. Unlike the ESA, the MMPA does not authorize citizen suits against a person alleged to be in violation of the MMPA. The MMPA states that, "[e]xcept as otherwise provided in this subchapter, the Secretary shall enforce the provisions of this subchapter." 16 U.S.C. § 1377(a);

---

[4] Plaintiff's references to 16 U.S.C. § 1371(a)(5)(E) (MMPA Section 101) overlooks this distinction. *See* ECF No. 51-1.

4

*see Strahan v. Coxe*, 127 F.3d 155, 160 (1st Cir. 1997); *Mumme*, 150 F. Supp. 2d at 178 (denying motion to amend in part because claim was not a valid cause of action).

## CONCLUSION

As described above, Plaintiff's motion to amend has muddled the procedural posture of the case. Because Plaintiff bases his motion for preliminary injunction on the proposed amended complaint, Federal Defendant respectfully requests that the motion to amend the complaint be decided first. Moreover, because that proposed amended complaint does not cure the defects in the dismissed Count Two and fails to state a claim, the motion to amend should be denied. *See Boston & Me. Corp. v. Hampton*, 987 F.2d 855, 868 (1st Cir. 1993) ("[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend.") (citation omitted).

Dated:  June 29, 2020

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
SETH M. BARSKY
Chief
S. JAY GOVINDAN
Assistant Section Chief

 */s/ Frederick H. Turner*
FREDERICK H. TURNER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0641
Fax: (202) 305-0275
Email: frederick.turner@usdoj.gov

HALSEY B. FRANK
UNITED STATES ATTORNEY

John G. Osborn
Assistant U.S. Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257
John.Osborn2@usdoj.gov

*Attorneys for Federal Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, I electronically filed the foregoing using the CM/ECF system, which will send notifications of such filing(s) to:

Richard Maximus Strahan
Email: esistoo@yahoo.com

Christopher C. Taub
Email: Christopher.C.Taub@maine.gov

Mark Randlett
Email: Mark.Randlett@maine.gov

Alfred C. Frawley, IV
Email: afrawley@lawmmc.com

Daniel P. Keenan
Email: dkeenan@lawmmc.com

Thimi R. Mina
Email: tmina@lawmmc.com

                                        */s/ Frederick H. Turner*
                                        FREDERICK H. TURNER
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Environment and Natural Resources Division
                                        Wildlife and Marine Resources Section
                                        Ben Franklin Station, P.O. Box 7611
                                        Washington, D.C. 20044-7611
                                        Phone: (202) 305-0641
                                        Fax: (202) 305-0275
                                        Email: frederick.turner@usdoj.gov

                                        *Attorney for Federal Defendant*