UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAN AGAINST XTINCTION,           )<br>                                                        )<br>              Plaintiff,                      )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>COMMISSIONER OF MAINE   )<br>DEPARTMENT OF MARINE     )<br>RESOURCES; ASSISTANT       )<br>ADMINISTRATOR OF NATIONAL )<br>MARINE FISHERIES SERVICE, )<br>                                                        )<br>              Defendants,                  )<br>                                                        )<br>DISTRICT 4 LODGE OF THE       )<br>INTERNATIONAL ASSOCATION OF )<br>MACHINISTS AND AEROSPACE )<br>WORKERS, LOCAL LODGE 207, )<br>f/k/a, IAMAW MAINE LOBSTERING )<br>UNION – LOCAL 207,                )<br>                                                        )<br>              Intervenor-Defendant.  ) | Case No. 1:19-cv-00406-LEW |

### **ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On September 5, 2019, the Plaintiff filed a two-count Complaint against Defendants Commissioner of State of Maine's Department of Marine Resources ("State Defendant") and Assistant Administrator of National Marine Fisheries Service ("Federal Defendant" or "NMFS") seeking declaratory and injunctive relief pursuant to the Endangered Species Act, Marine Mammal Protection Act, and Administrative Procedure Act.  ECF No. 1.  On January 27, 2020, the Federal Defendant filed a Motion to Dismiss (ECF No. 28), which I granted in part, narrowing Count One and dismissing Count Two (ECF No. 36).  On June

8, 2020, Plaintiff filed a Motion to Amend Complaint in an effort to amend Count Two's deficiencies.  ECF No. 51.  For the reasons that follow, Plaintiff's Motion is DENIED.

## DISCUSSION

Because more than twenty-one days had passed since the Federal Defendant filed a Motion to Dismiss, Plaintiff appropriately sought leave to amend his Complaint.  Fed. R. Civ. P. 15(a)(2).  Although leave to amend a complaint "shall be freely given when justice so requires," a court acts within its discretion to deny leave when the proposed amendment would be futile.  *See Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 60 (1st Cir. 2018).  At this stage of the proceedings, futility is governed by Rule 12(b)(6), and an amendment is futile if it does not "set forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory."  *Hatch v. Department for Children, Youth & Families*, 274 F.3d 12, 19 (1st Cir. 2001).

Plaintiff's proposed Amended Complaint makes changes to Count Two, his claim that Defendant NMFS violated the APA for its failure to comply with the MMPA.  To state a claim under the APA, the Plaintiff must identify a "final agency action for which there is no other adequate remedy in a court," 5 U.S.C § 704, and then demonstrate that this agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  I dismissed Count Two from Plaintiff's original Complaint for failure to identify such an agency action; Count Two in Plaintiff's proposed Amended Complaint suffers from the same deficiency.

Plaintiff's new salvo claims NMFS violated the MMPA's "moratorium on the taking and importation of marine mammals," 16 U.S.C. § 1371(a) by issuing letters of

authorization to commercial fishermen pursuant to 16 U.S.C. § 1387(c)(2) without first obtaining an "incidental take statement" ("ITS") with respect to right whales[1] under 16 U.S.C. § 1372(a)(5)(E). *See* Pl.'s Proposed Am. Compl. at ¶ 62. So the allegation goes, because the Federal Defendant never made the "negligible impact" finding that an ITS requires, and subsequently never obtained an ITS for commercial fishing in right whale critical habitats, the Plaintiff believes it has "unlawfully authorized" the "entangling, killing and injuring" of right whales through the Marine Mammal Authorization Program Certificates it issues to Maine lobstermen. *Id*. at ¶¶ 63- 65. The issuance of these Certificates without a valid ITS, in other words, is the final agency action the Plaintiff claims is unlawful under the APA.

The MMPA prohibits the "taking" (broadly defined as the hunting, capturing, injuring or killing) of any marine mammal, whether or not that marine mammal is listed as an endangered or threatened species under the ESA. *See* 16 U.S.C. § 1371(a). "[T]he incidental taking of marine mammals in the course of commercial fishing operations," however, is an exception to this general prohibition, so long as the incidental taking is authorized. *See* 16 U.S.C. § 1387(a)(1). The Secretary of Commerce may grant such "authorizations" – and thereby provide commercial fishermen with immunity from liability for incidentally taking a marine mammal – pursuant to the framework set forth in 16 U.S.C. § 1387 and the implementing regulations codified at 50 C.F.R. 229. Such authorization

---

[1] I limit my consideration to right whales for the reasons outlined in my Order granting in part and denying in part the Federal Defendant's Motion to Dismiss. ECF No. 36. Plaintiff's Amended Complaint does not include any new facts that would state a claim for relief about any other endangered species. Likewise, to the extent the re-engineered Count Two recapitulates arguments about unlawful, arbitrary, or capricious agency action in violation of the ESA, I find those claims are subsumed by Count One. *See id.*

allows "the incidental taking of all species and stocks of marine mammals," except for those mammals listed as "threatened species or endangered species" under the ESA. *See* 16 U.S.C. §§ 1387(a)(1)(2) & (c)(2)(C).

In the case of endangered or threatened marine mammals such as the right whale, however, an incidental take authorization under Section 1387 must also comply with 16 U.S.C. § 1371(a). Section 1371(a) of the MMPA authorizes the incidental take of a threatened or endangered species only if an ITS finds that any such take "will have a negligible impact on such species," and a take reduction and recovery plan have been established. See 16 U.S.C. § 1371(a)(5)(E).

Plaintiff's Amended Complaint alleges that the Federal Defendant issued Section 1387(c)(2) Marine Mammal Authorization Program Certificates to commercial fishermen fishing in federal waters without first obtaining a Section 1371(a)(5)(E) ITS for right whales. Pl.'s Proposed Am. Compl. ¶ 67. But, as Defendants point out, NMFS has never authorized the incidental taking of right whales, and The Marine Mammal Authorization Program Certificate issued to commercial fishermen in the Northeast and Mid-Atlantic American lobster fishery only "authorizes the taking of non-endangered/threatened marine mammals incidental to commercial fishing operations." *See* NMFS, 2020 New England/Mid-Atlantic Marine Mammal Authorization Program Certificate, available at https://www.fisheries.noaa.gov/national/marinemammal-protection/marine-mammal-authorization-program (last visited June 25, 2020). Because these Certificates only apply to incidental takings of non-threatened or non-endangered species, not the incidental taking of right whales as Plaintiff claims, there is no potentially arbitrary, capricious, or unlawful

agency action to review under the APA. Therefore, I will deny Plaintiff's Motion to Amend Complaint as futile, and proceed on the remaining aspects of Count One from the original complaint, as outlined in my previous Order (ECF No. 36).

## CONCLUSION

For the foregoing reasons, the Motion to Amend Complaint (ECF No. 51) is DENIED.

**SO ORDERED.**

Dated this 14th day of July, 2020.

                                        /s/ Lance E. Walker
                                    UNITED STATES DISTRICT JUDGE