UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAN AGAINST XTINCTION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF MAINE )<br>DEPARTMENT OF MARINE )<br>RESOURCES; ASSISTANT )<br>ADMINISTRATOR OF NATIONAL )<br>MARINE FISHERIES SERVICE, )<br>)<br>Defendants, )<br>)<br>DISTRICT 4 LODGE OF THE )<br>INTERNATIONAL ASSOCATION OF )<br>MACHINISTS AND AEROSPACE )<br>WORKERS, LOCAL LODGE 207, )<br>f/k/a, IAMAW MAINE LOBSTERING )<br>UNION–LOCAL 207, MAINE )<br>LOBSTERMEN'S ASSOCIATION )<br>)<br>Intervenor-Defendants. ) | Case No. 1:19-cv-00406-LEW |

## **ORDER ON STATE DEFENDANT'S MOTION TO CONSOLDIATE**

On January 27, 2020, the Defendant Commissioner of State of Maine's Department of Marine Resources ("State Defendant") filed a Motion to Consolidate Hearing on Preliminary Injunction Motion with Proceedings on the Merits under Rule 65(a)(2). ECF No. 72. For the reasons that follow, the State Defendant's Motion is DENIED.

### DISCUSSION

"Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ.

P. 65(a)(2). Although the rule facilitates "the generally admirable objective of saving time and duplication of effort," there are "hazards inherent in fully disposing of cases in such an expedited fashion—among them incomplete coverage of relevant issues and failure to present all relevant evidence." *Lamex Foods, Inc. v. Audeliz Lebron Corp.*, 646 F.3d 100, 106–07 (1st Cir. 2011).

The State Defendant moves to consolidate on the grounds that Plaintiff's Motion for Preliminary Injunction shows a lack of evidence for his claim that right whales have been entangled in gear set by Maine-licensed lobstermen, and because one of Plaintiff's requested remedies is barred by the Tenth Amendment. Motion at 2. Neither is a reason to consolidate at this time. If there is insufficient evidence of Plaintiff's claim to award preliminary relief, he should still be given the chance to support his allegations through discovery. *See, e.g.,* 11A. Wright & Miller, *Federal Practice and Procedure* § 2950 (3d ed.) ("A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial."). And, even if the Tenth Amendment bars Plaintiff's requested injunctive relief, that does not suggest his claim for a declaratory judgment is ripe for consolidation with the proceedings on his Motion for Preliminary Injunction. Therefore, I find consolidation is not appropriate under Rule 65(a)(2).

## CONCLUSION

For the foregoing reasons, the Motion to Consolidate Hearing on Preliminary Injunction Motion with Proceedings on the Merits under Rule 65(a)(2) (ECF No. 72) is DENIED.

**SO ORDERED.**

Dated this 14th day of July, 2020.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE