UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAN AGAINST XTINCTION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF MAINE | ) |
| DEPARTMENT OF MARINE | ) |
| RESOURCES; ASSISTANT | ) |
| ADMINISTRATOR OF NATIONAL | ) |
| MARINE FISHERIES SERVICE, | ) |
| | ) Case No. 1:19-cv-00406-LEW |
| Defendants, | ) |
| | ) |
| DISTRICT 4 LODGE OF THE | ) |
| INTERNATIONAL ASSOCATION OF | ) |
| MACHINISTS AND AEROSPACE | ) |
| WORKERS, LOCAL LODGE 207, | ) |
| f/k/a, IAMAW MAINE LOBSTERING | ) |
| UNION–LOCAL 207, MAINE | ) |
| LOBSTERMEN'S ASSOCIATION | ) |
| | ) |
| Intervenor-Defendants. | ) |

**ORDER ON PLAINTIFF'S**
<u>**MOTION FOR TEMPORARY RESTRAINING ORDER**</u>

Now before me is Plaintiff's Motion for Temporary Restraining Order. ECF No. 113. Plaintiff asks me to "enjoin[] NMFS from further enforcement of its unlawful [Atlantic Large Whale Take Reduction Program] regulations," specifically because "NMFS is threatening me with criminal prosecution if I do not use vertical buoy ropes in my fishing gear." *Id.* ¶¶ 8, 9. Plaintiff requested this very relief in an earlier Motion for Preliminary Injunction against Defendant NMFS, which I recently denied. ECF No. 112.

"[Injunctive relief] is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012). To determine whether to issue a temporary restraining order, I apply the same four-factor analysis used to evaluate a motion for preliminary injunction. *Monga v. Nat'l Endowment for Arts*, 323 F. Supp. 3d 75, 82 (D. Me. 2018). Those factors are:

> the movant's likelihood of success on the merits; whether and to what extent the movant will suffer irreparable harm in the absence of injunctive relief; the balance of [relative] hardships, that is, the hardship to the nonmovant if enjoined as opposed to the hardship to the movant if no injunction issues; and the effect, if any, that an injunction [or the lack of one] may have on the public interest.

*CVS Pharmacy, Inc. v. Lavin,* 951 F.3d 50, 55 (1st Cir. 2020) (internal citations omitted). As the party seeking emergency injunctive relief, Plaintiff bears the burden of establishing that the factors weigh in favor of his request. *Esso Standard Oil Co. v. Monroig-Zayas,* 445 F.3d 13, 18 (1st Cir. 2006).

Plaintiff has introduced no new evidence in his Motion for Temporary Restraining Order that was not before me on his Motions for Preliminary Injunction to suggest he now carries this burden. As I indicated in my prior Order, "the existing data simply is not 'sufficient material evidence' warranting the kind of injunctive relief Plaintiff seeks." ECF No. 112 at 11. Plaintiff's newest salvo simply adds "[t]here is no question that my lobsterpot fishing gear is likely to entangle endangered whales. I fully accept this reality." ECF No. 113 ¶. Plaintiff's *ipse dixit* does not tip the balance to justify the sweeping emergency injunctive relief he seeks. For the reasons above, and as more fully elaborated in my Order Denying Plaintiff's Motions for Preliminary Injunction (ECF No 112), Plaintiff's Motion for Temporary Restraining Order is DENIED.

**SO ORDERED.**

Dated this 12th day of August, 2020.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE