UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAN AGAINST XTINCTION, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:19-cv-00406-LEW |
| ) | |
| COMMISSIONER OF MAINE ) | |
| DEPARTMENT OF MARINE ) | |
| RESOURCES, *et al.*, ) | |
| ) | |
| Defendants ) | |
| ) | |
| DISTRICT 4 LODGE, ) | |
| ) | |
| Intervenors ) | |

**ORDER ON:**

**PLAINTIFF'S OPPOSITION … [TO] THE MAGISTRATE'S ORDER DENYING DISCOVERY (#75) AND MOTION FOR DISCOVERY TO OBTAIN SUPPORT FOR HIS PENDING MOTIONS FOR A PRELIMINARY INJUNCTION (#76)**

**PLAINTIFF'S MOTION FOR A DISCOVERY ORDER SO THAT HE CAN … PROSECUTE THE DEFENDANTS FOR THEIR CRIMES OF KILLING ENDANGERED WILDLIFE (#102);**

**M.A.X.'S SECOND MOTION TO FORCE THE STATE OF MAINE TO HONESTLY AND FULLY RESPOND TO HIS FIRST SET OF REQUESTED ADMISSIONS (#108);**

**PLAINTIFF'S [LATEST] MOTION FOR PRELIMINARY INJUNCTION (#116);**

**AND**

**M.A.X.'S VERIFIED MOTION & MEMORANDUM FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT (#128)**

---

Plaintiff, whose legal name is Richard Strahan, but who proceeds here pro se under the appellation Man Against Xtinction ("Plaintiff"), filed suit on September 5, 2019. The matter is before the Court on a scattershot of motions that are typical of Plaintiff's litigation style and help explain why the docket in this matter contains 128 entries even as Plaintiff continues to announce plans to refine his pleadings. For reasons set out below, Plaintiff's motions are denied, except for his "motion" announcing his plan to file a motion for summary judgment. That request will be granted, but Plaintiff is not authorized to file such a motion before the Court closes discovery and issues a briefing cycle.

## BACKGROUND

In his Complaint (ECF No. 1), Plaintiff asserted two counts: Count I, a claim under Section 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538; and Count II, a claim for judicial review under the Administrative Procedures Act ("APA"). In a "Memorandum of Claims" (ECF No. 2) filed in conjunction with the Complaint, Plaintiff specified that he seeks an order directing the Commissioner of the Maine Department of Marine Resources and the Assistant Administrator of the National Marine Fisheries Service to file an application with the National Oceanic and Atmospheric Administration, U.S. Department of Commerce, requesting an incidental take permit under Section 10 of the ESA.

Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief with his opening salvo, though he did not file any evidence at that time. I denied the motion for TRO because it was not evident from the record why the Defendants should not be heard. I explained that I would consider the request for preliminary

injunctive relief at a later juncture.  Order on Motion for Temporary Restraining Order (ECF No. 15).

On January 27, 2020, Defendants filed a motion to dismiss. On January 28, 2020, Plaintiff withdrew his motion for temporary restraining order.  Given the withdrawal, the only motion then pending was the motion to dismiss.  Plaintiff requested a continuance of the deadline for opposing the motion to dismiss.  The Court granted his request, but Plaintiff failed to file anything in opposition to the motion.  Following a review of the motion, I concluded that Plaintiff has standing to advance his civil action on behalf of the Right Whale, and that Plaintiff stated in Count I a claim under ESA Sections 7 and 9, but that his second count would be dismissed as a mere recapitulation of the first count.  Decision and Order on Federal Defendant's Motion to Dismiss (ECF No. 36).

In May of 2020, Plaintiff filed a new motion for preliminary injunction without a supporting memorandum.[1]  In his new motion for injunctive relief, Plaintiff sought relief under ESA Sections 9 and 10; specifically, an order directing the Commissioner to file an application for an incidental take permit to authorize regulatory permitting of lobster fishermen and women to set lobsterpots using vertical buoy rope.  Also in May, the Assistant Administrator answered the complaint (the Commissioner had already filed an answer) and the Court issued its Scheduling Order.  The Scheduling Order allowed roughly five months for the parties to engage in the discovery process.  Meanwhile, District 4 Lodge filed a motion to intervene in the action. Plaintiff made two filings in opposition to

---

[1] Plaintiff captioned the motion "Plaintiff's Motion for Preliminary Injunction to Stop State Defendant from Permitting Deployment of Lobsterpot Gear."  In the motion, Plaintiff represented his intention to file a memorandum in due course.  Because there was no memorandum, the motion did not trigger any requirement that Defendants file an opposition.  D. Me. Loc. R. 7.

intervention (#44 & #45), threatening to sue every member of the Lodge if the Court granted the motion to intervene, even though the Intervenors' interest in the action was intuitively obvious to the casual observer.

On May 31, 2020, Plaintiff filed his memorandum of law in support of his previously filed motion for preliminary injunction. In June, during the briefing cycle on the motion for preliminary injunction, Plaintiff announced the intention to file, and then filed, a motion to amend the complaint. In these papers, Plaintiff explained that he wanted to repair the deficiencies in Count II so that the complaint would "clearly state the claim under the APA and the [Marine Mammal Protection Act]." Motion for Leave to File ECF No. 51). Next, Plaintiff filed yet another motion for preliminary injunction (ECF No. 54), this time requesting that injunctive relief run against the Fisheries Service; specifically, that the Court enjoin the Service insofar as it might have or might yet authorize any deployment of a lobsterpot using vertical buoy rope, and direct the Service to abandon its Atlantic Large Whale Take Reduction Plan altogether. Meanwhile, given Plaintiff's intention to reintroduce a claim under the APA, the Assistant Administrator petitioned to have the case reassigned to the administrative track. In response, the Court issued an order (ECF No. 69) *staying the deadlines* stated in the Scheduling Order, but not vacating the Order's authorization of discovery. On June 28, 2020, Plaintiff objected and filed a motion for discovery (**Pending Motions #75 & #76**). Plaintiff stated, incorrectly, that Magistrate Judge John Nivison had denied all discovery, and Plaintiff asserted that he cannot prosecute his motion for preliminary injunctive relief without discovery.

In July, Plaintiff requested an extension to his deadline to respond to the opposition Defendants raised to his motion for preliminary injunction, which request the Court granted. Shortly thereafter, I denied as futile the motion to amend to fortify Count II. Order on Plaintiff's Motion to Amend Complaint (ECF No. 92). I also denied Defendants' motion to consolidate proceedings on the PI motion with trial. Order on State Defendants' Motion to Consolidate (ECF No. 93).

Also in July, Magistrate Judge Nivison issued an order on a motion by Plaintiff to compel discovery, in which order Magistrate Judge Nivison advised Plaintiff to follow Local Rule 26 and pursue a discovery conference after conferring with his adversaries, rather than filing written discovery motions. Order on Motion to Compel (ECF No. 94). The following day, Plaintiff filed another motion to compel discovery. In the motion, Plaintiff represented that counsel for the Fisheries Service took the position that no discovery was required, and Plaintiff began referring to counsel as "shysters." Two days later, Plaintiff filed another motion to compel, this time complaining of the Commissioner's response. Then he filed a motion for a discovery order (**Pending Motion #102**), then another motion to compel (**Pending Motion #108**). It is difficult to interpret these actions as anything other than petulant defiance of Magistrate Judge Nivison's instruction to Plaintiff that he follow local practice in matters related to discovery disputes.

In the motion for discovery order, Plaintiff also announced that his amended proposed complaint does not assert any request for APA review, contrary to what he said in his most recent motion to amend, and Plaintiff upped the ante on his juvenile behavior by writing that the Defendants were "A-HOLES," stating the proceeding is "A TOTAL

5

FUGGIN WASTE OF [HIS] TIME," and asserting the Court is "RACIST" against "WORKING CLASS CITIZENS."

On August 10, 2020, I denied Plaintiff's Motions for Preliminary Injunction. Order on Plaintiff's Motions for Preliminary Injunctions (ECF No. 112). The following day, Plaintiff filed another motion for temporary restraining order, reasserting his request that the Court enjoin the Fisheries Service from preventing Plaintiff's deployment of lobsterpots without a buoy line. I denied the motion on August 12 because the request was redundant of requests found in the motions I had only recently denied. Order on Plaintiff's Motion for Temporary Restraining Order (ECF No. 115). That very day Plaintiff filed yet another Motion for Preliminary Injunction (**Pending Motion #116**).

On September 8, 2020, Plaintiff filed notice of an interlocutory appeal of the Order on his preliminary injunction motions. Plaintiff captioned the motion: PLAINTIFF'S NOTICE OF HIS APPEAL OF THE COWARDLY, GULLIBLE & INSIGNIFICANT SHYSTER JUDGE'S POMPOUS DOCKET #112 DENIAL OF MY TWO MAGNIFICENT MOTIONS FOR A PRELIMINARY INJUNCTION AGAINST THE MURDEROUS YET TOADY FOOLS OF THE FISHING INDUSTRY (ECF No. 119). The following week, although he previously stated he could not prevail on his claims without discovery, Plaintiff announced his intention to file a motion for summary judgment (**Pending Motion #128**). With this announcement, Plaintiff represented he has collected additional evidence that enables him to prevail.

## DISCUSSION

### Discovery Motions (## 75, 76, 102, 108)

Rule 26(b) of the Local Rules of the United States District Court for the District of Maine provides in relevant part:

> No written discovery motions shall be filed without the prior approval of a judicial officer. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with a judicial officer by telephone or in person.

(D. Me. Loc. R. 26(b)). Although Magistrate Judge Nivison advised Plaintiff concerning the dictates of Local Rule 26(b), Plaintiff did not request a hearing on the issue before filing his discovery motions and did not obtain authorization before filing the motions as he is required to do by the Rule. Plaintiff's motions, therefore, are DENIED for failure to comply with the Local Rule. Evidently, Plaintiff believes that if he yells and screams and throws a fit he will get his way. It does not work that way.

At present, the discovery window remains open, but Plaintiff needs to confer first with his adversaries and, if he is dissatisfied with their response, request a conference with Magistrate Judge Nivison, through the Clerk's Office, so the matter can be resolved expeditiously and without unnecessary filings. For these reasons, Plaintiff's objection (#75) and his motions to compel discovery or to compel a "discovery order" (##76, 102) are DENIED.

Although it would be sufficient to deny for the same reason Plaintiff's motion concerning the Commissioner's response to his requests for admissions, I address the merits of the motion simply to advance beyond the apparent loggerhead. Plaintiff has not demonstrated that his frustration over Defendants' responses to his requests for admission

deserve judicial intervention. Federal Rule of Civil Procedure 36, which governs requests for admission, provides in pertinent part:

> If the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4).

As permitted by the Rule, the Commissioner admitted certain matters, denied certain matters, and qualified, with explanation, certain matters. The record reflects that the parties' dispute regarding the adequacy of the responses to the requests for admission is based on their respective views of the relevant facts. At the discovery stage of proceedings, the Court does not resolve factual disputes about the weight to give the evidence. I see no reason on this record to compel the Commissioner to modify or supplement his responses.[2] Accordingly, the motion to compel revised responses (#108) is DENIED.

### Latest Motion for Preliminary Injunction (#116) and Motion for Leave to File Summary Judgment Motion (#128)

Plaintiff once again seeks relief through a preliminary injunction motion.[3] Plaintiff's motion for preliminary injunction (ECF No. 116) is redundant of the prior

---

[2] If Plaintiff "later proves" true a matter Defendant failed to admit, Plaintiff can ask the Court to order Defendant to pay the reasonable expenses he incurred in "making that proof." Fed. R. Civ. P. 37(c)(2).

[3] Evidently, Plaintiff thinks he is advancing the ball by means of this tactic, but all he has achieved, to date, is a delayed and is disordered proceeding.

motions for preliminary injunction (ECF Nos. 37/54), which motions have been ruled on and are the subject of Plaintiff's Notice of Appeal.

It is inappropriate for a party to harass his adversaries and barrage the court with successive, redundant motions, and it is impossible to see what objective Plaintiff had in mind other than raising a ruckus. Accordingly, the latest preliminary injunction motion (#116) is DENIED. *See Int'l Bus. Machines Corp. v. Johnson*, No. 09-cv-4826, 2009 WL 2356430, at *2 (S.D.N.Y. July 30, 2009) (denying redundant motion for preliminary injunction during pendency of interlocutory appeal of ruling on earlier motion), *aff'd* 355 F. App'x 454, 455-56 (2d Cir. 2009).

Plaintiff is, furthermore, hereby prohibited from filing another motion for preliminary injunction. We are, at present, less than a month out from the original discovery deadline and Plaintiff has indicated a plan to seek resolution of this civil action by means of a summary judgment motion. Accordingly, the plan moving forward is to resolve outstanding discovery issues expeditiously in order to facilitate cross motions for summary judgment on Count I of the Complaint.

As to the latest indication by Plaintiff of an intention to file another proposed amended complaint, that request is DENIED. A party should receive leave to amend when justice so requires. Fed. R. Civ. P. 15. However, justice does not require any further amendment in the wake of Plaintiff's repeated dilatory saber rattling and bombastic antics. Plaintiff has had ample opportunity to figure out what he wishes to allege and the legal groundwork for his action, and he has most recently announced the intention to proceed to judgment through summary judgment proceedings. So be it. Plaintiff's Motion for Leave

to File a Motion for Summary Judgment is granted, but is conditioned on the close of discovery and Plaintiff's participation in a Local Rule 56(h) conference. The case will remain on the standard case management track, and the Court will convene a telephonic conference to establish the schedule for closure of discovery pursuant to Local Rule 16.2 and for filing summary judgment papers pursuant to Local Rule 56(h).

## NOTICE AND WARNING

Pursuant to Federal Rule of Civil Procedure 11(c), Plaintiff is hereby put on notice that further conduct designed only to annoy and harass, including the filing of redundant motions and the use of pejoratives, vulgarities, and other offensive language in court filings may subject Plaintiff to sanctions, including the sanction of dismissal of this action with prejudice.  In addition to his demonstrated history of vituperative pleadings and written correspondence, Plaintiff has a history of conducting himself like a bully when talking to court personnel, as is exemplified in an October 11, 2018 Case Management Order by Magistrate Judge Andrea Johnstone of the District of New Hampshire, in case number 18-cv-752.  Plaintiff knows his behavior is unacceptable, yet he is at it again, requiring yet another court to admonish him about basic rules of civility.  Among other indecencies, Plaintiff has told a member of the Clerk's Office staff to "go f--- herself," a comment he also made to one or more staff members within the District of New Hampshire Clerk's Office.

I have given Plaintiff adequate opportunity to straighten up, yet he has not taken the cue.  The talented and diligent staff of the District of Maine are indispensable to the Court's role of dispensing justice and upholding the rule of law.  Although the load they shoulder

is heavy, they carry it effortlessly and with good cheer. If Plaintiff believes that he can abuse Court staff with impunity, he is mistaken. I will not abide litigants who bludgeon these public servants with vulgar indignities and threats. Enough is enough. I, therefore, direct that Plaintiff will no longer communicate with the District of Maine Clerk's Office by phone and will, instead, conduct all future case-related communication with Clerk's Office personnel through the ECF inbox email address they have provided to him, and not by directing email communications to the Clerk. In his written communications, Plaintiff will refrain from using offensive or threatening statements. Plaintiff remains welcome to visit the District of Maine courthouses in person, including for purposes of communicating with court personnel. Should he visit the Courthouse, he will engage in civil communication consistent with this order. Violation of this communication directive will expose Plaintiff to further sanctions, including the possible dismissal of the action with prejudice.

## CONCLUSION

Plaintiff's Pending Motions ## 75, 76, 102, 108, and 116 are **DENIED**.

Plaintiff's latest indication of an intent to amend his complaint (#96) is **DENIED**.

Plaintiff's motion for leave to file a motion for summary judgment (#128) is **GRANTED**. Plaintiff is authorized to file a motion for summary judgment, but not before the Court resolves any outstanding discovery issues and establishes the schedule for summary judgment proceedings. In the event Plaintiff files a motion for summary judgment (or yet another motion for preliminary injunctive relief) before a summary judgment briefing schedule is established, the motion will be stricken.

Plaintiff will refrain from filing further written discovery motions and will adhere to Local Rule 26 in all matters concerning discovery.  If Plaintiff files a further written discovery motion, without prior authorization, the motion will be stricken.

**SO ORDERED.**

Dated this 17th day of September, 2020.

      /s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE