UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAN AGAINST XTINCTION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF MAINE DEPARTMENT OF MARINE RESOURCES; ASSISTANT ADMINISTRATOR OF NATIONAL MARINE FISHERIES SERVICE, | ) ) ) ) ) |
| | )   1:19-cv-00406-LEW |
| Defendants, | ) |
| | ) |
| DISTRICT 4 LODGE OF THE INTERNATIONAL ASSOCATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE 207, f/k/a, IAMAW MAINE LOBSTERING UNION–LOCAL 207, MAINE LOBSTERMEN'S ASSOCIATION | ) ) ) ) ) ) ) |
| | ) |
| Intervenor-Defendants. | ) |

## **ORDER**

On September 17, 2020, Plaintiff filed a motion stating he wanted the Court to dismiss the entire action, without prejudice, because he intends to pursue his claims in another venue. Motion (ECF No. 130). Evidently in order to explain his reasoning, Plaintiff stated, among other things:

> [T]he court never offered the Plaintiff any opportunity for discovery against the Defendants, held no status conference, held no oral argument on offered PI motions, and set no trial date and is now not allowing the Plaintiff to file any summary judgment motion for his claims against the Defendants ….

*Id.*

The Defendants do not object to dismissal of the action without prejudice. *However*, in his reply to their response, Plaintiff withdraws, in part, his motion. He now would like to dismiss only the federal defendant, the Assistant Administrator of the National Marine Fisheries Service.

Plaintiff's approach to this litigation is perplexing. As I wrote in a recent order denying a "scattershot" of unproductive motions filed by Plaintiff, it is Plaintiff's approach to litigation rather than this Court's administration of the case that explains why the docket in this matter now contains 135 entries even as Plaintiff continues to announce plans to amend, and now partially dismiss, his pleadings. Indeed, given Plaintiff's conduct, a cynical person might infer that he filed this action for no other reason than to distract, harass, and annoy the Defendants, who are at present defending (or are intervenors in) another action in the District of Columbia that involves the very same concerns raised in this action by Mr. Strahan. *See Center for Biological Diversity v. Ross*, No. 18-cv-112 (D.D.C.).

The plaintiffs in the D.C. action, in April 2020, obtained a favorable summary judgment decision as to the illegality of the 2014 Biological Opinion of NMFS, which failed to include an incidental take statement. The defendants in the D.C. action are, at present, subject to a May 31, 2021 deadline, by which date they must achieve a new biological opinion, new fishery rules, and an incidental take statement that will impact the entire North Atlantic lobster fishery. For reasons outlined in Judge Boasberg's August 19, 2020 Memorandum Opinion concerning remedy, both the administrative process and the deadline are demanding, and there are many stakeholders involved in the process.

This matter has only just returned to the Court following the dismissal of Plaintiff's interlocutory appeal of my denial of his motions for preliminary injunctive relief. Although the Commissioner evidently is eager to file a summary judgment motion, it is not clear to me that discovery is closed at this time or should not be extended in a limited fashion to preserve objections timely raised.

A federal district court has the discretion to stay an action that is duplicative of proceedings already pending in another district, both in the interests of comity and to conserve judicial resources. *See, e.g., Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("[A] federal judge may stay an action when some other suit offers the advantage of a speedy and comprehensive solution"); *EMC Corp. v. Parallel Iron*, *LLC*, 914 F. Supp. 2d 125, 127 (D. Mass. 2012) (discussing the "first-to-file" rule and exceptions to the same).

The *Ross* case is at the remedy stage, whereas this case has not yet emerged from the pleading stage. Any injunctive relief and/or further administrative action that arises as a result of the *Ross* litigation will have implications for the Maine lobster fishery, which is operating pursuant to the same set of North Atlantic fisheries rules under review in *Ross*. It is not apparent to me that anything will be gained through this action in the meantime, given Mr. Strahan's past approach to the conduct of this case, which has involved filings designed predominantly to ridicule and insult his adversaries while proclaiming his own grandiosity.

This action is STAYED. Plaintiff's Motion to dismiss the Assistant Administrator is DENIED WITHOUT PREJUDICE. Defendants are ordered to file in this Court, on or before May 31, 2021, a status report that summarizes the several status reports required in

Judge Boasberg's August 19, 2020 Order (DC docket item 124). Following review of the status report, the Court will determine the future course of proceedings.

**SO ORDERED.**

Dated this 16th day of November, 2020.

/s/ Lance E. Walker<br>UNITED STATES DISTRICT JUDGE